## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

KEVIN A. McGUIRE, RICHARD E.
SUAREZ, STEPHEN SHELTON,
WINSTON A. ASPINALL, BENNIE J.
CICCARELLO, JOSEPH FREY and
TAMMY ZURLA,

                Plaintiffs,              **CASE NO. 8:05-cv-347-T-24MSS**

vs.

HILLSBOROUGH COUNTY, FLORIDA,

                Defendant.

_____/

## PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT
## AND INCORPORATED STATEMENT OF UNDISPUTED
## MATERIAL FACTS AND MEMORANDUM OF LAW
### (Partially Dispositive Motion)

Plaintiffs, by and through counsel, hereby move for partial summary judgment

and submit their supporting statement of undisputed material facts and memorandum of

law.

### INTRODUCTION

Plaintiffs are current or former employees of Defendant, Hillsborough County,

Florida (hereafter "the County"), who hold or held the position of Fire Inspector. In this

action, they are seeking recovery of unpaid overtime compensation pursuant to the Fair

Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA).

The time at issue in this case are the hours that Plaintiffs spent driving County-

owned vehicles (hereafter "County Vehicles") between County-owned parking facilities,

typically a fire station (hereafter "Secured Parking Locations") and their worksites. The

legal issue of whether uncompensated drive time of this type is compensable under the

FLSA was recently addressed in the case of Burton, et al. vs. Hillsborough County, Case

No. 8:04-cv-112-T-MSS (M.D.Fla.).  In Burton, a group of employees also employed by

the County's in its Public Works Department sought overtime compensation for the same

type of driving time that is at issue in the case at bar.  The issue of compensability of this

drive time was the subject of cross-motions for summary judgment.  This Court granted

the Burton plaintiffs' motion, holding that this travel time is compensable.  The County

appealed this Court's decision to the Eleventh Circuit Court of Appeals.  On May 18,

2006, the Eleventh Circuit affirmed the decision.  Burton v. Hillsborough County, 2006

U.S. App. LEXIS 12207; 11 Wage & Hour Cas.2d (BNA) 848 (11th Cir. 2006), cert.

denied, 2006 U.S. LEXIS 8396; 75 U.S.L.W. 3247 (2006).

In a related case involving the same drive-time issue, Silas v. Hillsborough

County, Case No. 8:04-cv-1616-T-27-TBM (M.D.Fla.), this Court applied the ruling in

Burton and also found, as a matter of law, that the County must be held liable for

liquidated damages because it acted without a good faith basis.  See Silas v. Hillsborough

County, 2006 U.S. Dist. LEXIS 79503 (M.D.Fla. 2006).

Plaintiffs herein move for summary judgment on the issue of liability, relying on

Burton, and on liquidated damages, relying on Silas.  Plaintiffs also assert that they are

entitled to judgment, as a matter of law, on the issue of whether the County willfully

violated the FLSA.[1]

---

[1] Plaintiffs are not moving for summary judgment on the issue of the amount of their damages but, rather, leave that issue for a trier of fact.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

### I.  Facts Relating To Liability[2]

During the period commencing three years prior to the filing of this action, Plaintiffs were employed by the County as Fire Inspectors. Plaintiffs were each assigned a County Vehicle to be utilized in the performance of their duties. Plaintiffs were not permitted to park their County Vehicles at their homes at night. Rather, they were required to park their County Vehicles at a County-owned Secured Parking Location (typically a fire station). Consequently, Plaintiffs would begin their workday by retrieving their assigned County Vehicles from the Secured Parking Location before proceeding to their first worksite, and would return the County Vehicles to the Secured Parking Location at the end of the day.

Prior to October 2003, Plaintiffs were typically scheduled to be at their first worksite at 8:00 a.m., and to depart their final worksite at 5:00 p.m. Consequently, the time they spent driving their County Vehicles from and to the Secured Parking Locations occurred outside of their scheduled workday, and outside of their typical forty (40) hour workweek.[3] However, the County did not record this time as working hours, nor did it compensate Plaintiffs for these hours.

In or about October of 2003, the County altered its policy and required Plaintiffs to pick up their County Vehicles no earlier than 7:00 and/or 8:00 a.m., and to return them to the Secured Parking Location by 4:00 and/or 5:00 p.m. Thus, under this new policy, the drive time occurred during the typical forty (40) hour workweek and, consequently, did not result in uncompensated overtime.

---

[2] All facts set forth in this section are supported by the affidavits of the Plaintiffs, Exhibits A through G, attached hereto.

[3] Plaintiffs typically worked five eight-hour days (taking one hour for lunch) in a workweek.

However, in August 2004, the County reverted to the prior practice, and Plaintiffs again drove their County Vehicles between the Secured Parking Locations and their first and last worksites outside of the forty (40) hour workweek without receiving any compensation for this time.

## II.    Facts Relating to Liquidated Damages and the County's Willfulness

The (temporary) policy change in 2003 was apparently prompted by communications between the County's Human Resources Department and the Department of Labor (DOL).  In a memorandum dated October 6, 2003, Sharon Wall, the County's Human Resources Director, informed the County's Department and Division Directors that that drive time between parking locations and worksites was compensable and, accordingly, the DOL had advised the County to "identify all present and past employees who have not been appropriately compensated" and to "reimburse all present and former employees going back two years for compensable overtime due."  See Memorandum dated October 6, 2003, attached as Exhibit 2 to Deposition of Frank Fernandez (Full Transcript, with Exhibits, attached hereto as Exhibit H).

Plaintiffs' supervisor, Frank Fernandez, prepared the calculations as instructed. See Exhibit H, pp. 20-21.  However, apparently on the authority of the Fire Chief, Bill Neismith, or the County Administrator, Pat Bean, the County decided not to pay the Plaintiffs (or any other employee) for their uncompensated drive time. Id. at pp. 21-22.

Instead, the County elected to litigate this issue in the Burton lawsuit.  However, even after this Court confirmed that the drive time is compensable (December 2004) and that ruling was affirmed by the Eleventh Circuit (May 2006), the County did not

4

reimburse Plaintiffs, for their uncompensated drive time, nor did they alter their practice of failing to treat this time as compensable under the FLSA.  See Exhibits A through G.

## MEMORANDUM OF LAW

### I.   Plaintiffs' Uncompensated Drive Time is Compensable Under the FLSA

The issue of whether Plaintiffs were entitled to be compensated for driving their County Vehicles between the Secured Parking Locations (fire stations) and worksites is controlled by the decision in Burton.  Consequently, summary judgment on this issue is appropriate.

Like the Plaintiffs in the case at bar, the plaintiffs in Burton sought recovery of overtime compensation for time spent driving County vehicles between parking locations and worksites, a task that was mandated because they were not permitted to park their vehicles at their homes.  This Court held that, under these circumstances, the drive time activities were "principal" and therefore compensable under the FLSA.  See Burton Order, p. 11; see, also, 29 C.F.R. § 785.38 (travel time is a principal and compensable activity when the employee "is required to report at a meeting place and... to pick up and carry tools"); Secretary of Labor v. E.R. Field Inc., 495 F.2d 749, 751 (employee was required to be paid for time spent driving between vehicle parking location and jobsites); Herman v. Rich Kramer Construction, Inc., 163 F.3d 602 (8th Cir. 1998) (employee entitled to compensation for travel between an intermediate location and work sites). This ruling was later affirmed by the Eleventh Circuit.  See Burton v. Hillsborough County, 2006 U.S. App. LEXIS 12207; 11 Wage & Hour Cas.2d (BNA) 848 (11th Cir. 2006), cert. denied, 2006 U.S. LEXIS 8396; 75 U.S.L.W. 3247 (2006).  That decision was, in turn, applied by this Court in Silas, granting partial summary judgment on the

5

issue of liability in the plaintiffs' favor.  See Silas v. Hillsborough County, 2006 U.S. Dist. LEXIS 79503 (M.D.Fla. 2006).

The undisputed facts demonstrate that the drive time issue presented in the case at bar is identical to the one addressed in Burton.  Indeed, the County has acknowledged as much, stating in a recent court filing "Defendant concedes that there is no significant difference between the issues in Burton and the issues at bar, and Defendant will accept liability in the case at bar unless the Supreme Court grants certiorari in Burton." Defendant Hillsborough County's Motion for Protective Order [DOC 21], p. 4, note 2. Therefore, under the principles of collateral estoppel and *stare decisis*, the decision in Burton should be deemed controlling as to the issue of the compensability of Plaintiffs' drive time.  See e.g. I.A. Durbin, Inc. v. Jefferson Nat'l Bank, 793 F.2d 1541, 1549 (11th Cir. 1986); Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1501 note 6 (11th Cir. 1990); Hudson Ins. Co. v. Double D Mgmt Co., Inc., 768 F.Supp. 1542, 1547 (M.D.Fla. 1991).

Therefore, Plaintiffs respectfully request that this Court find, as a matter of law, that the time they spent driving their County Vehicles between Secured Parking Locations and work sites is compensable under the FLSA.[4]

## II.   The Undisputed Facts Support an Award of Liquidated Damages

An employee that establishes that he or she was not paid in accordance with the FLSA is entitled, in addition to back pay, to a mandatory award of equal amount as liquidated damages "absent a showing of good faith" by the employer.  See, e.g., Spires

---

[4] During the period of time from November 2003 through August 2004, Plaintiffs were required to accomplish this task within their scheduled forty-hour workweek (i.e. within their 7:00 and/or 8:00 a.m. to 4:00 and/or 5:00 p.m. scheduled workday).  Thus, during that period, Plaintiffs were properly compensated for this time.  However, prior to November 2003 and subsequent to August 2004, Plaintiffs were not compensated for this time.  Plaintiffs are entitled to damages for these periods.

6

v. Ben Hill County, 980 F.2d 683, 689 (11th Cir. 1993).  To meet this "good faith"

standard, the employer must show that it had an honest intention to ascertain what the

FLSA requires and to act in accordance with those requirements.  Dybach v. State of Fla.

Dep't of Corrections, 942 1562, 1566 (11th Cir. 1991); Barcellona v. Tiffany English Pub,

Inc., 597 F.2d 464, 469 (5th Cir. 1979).

      The issue of whether the County acted in good faith in denying compensation to

its employees who drove County vehicles in the manner at issue herein was addressed by

this Court in Silas.  There, the Court found that the County did not make any effort to

ascertain whether its practices were in compliance with the FLSA until *after* the

Department of Labor (DOL) had raised the issue.  Silas, 2006 U.S. Dist. LEXIS 79503 at

* 21.  Furthermore, at that time, the County issued a memorandum in which it "retracts

its previously stated position that it would pay overtime to all employees who commuted

to work."  Id. at 22.  These facts, the Court found, demonstrated that the County did not

act in good faith.  Id.

      This Court also addressed the County's assertion that it relied on the decisions in

Baker v. GTE North, Inc., 110 F.3d 28 (7th Cir. 1997) and Aiken v. City of Memphis, 985

F.Supp. 740 (W.D.Tenn. 1997) in deciding not to compensate employees for driving

County vehicles between County-owned parking locations and work sites.  The Court

found that such reliance was not "objectively reasonable," as these cases are "plainly

distinguishable," and also noted that the County failed to recognize the on-point decision

of the First Circuit in Sec. of Labor v. E.R. Field, Inc., 495 F.2d 749 (1st Cir. 1974).  Silas

at * 22.

Based upon these factors, this Court found that the <u>Silas</u> plaintiffs were entitled to summary judgment on the issue of liquidated damages. <u>Id.</u> As this action arises from the same pay practice as was addressed in <u>Silas</u>, the doctrines of collateral estoppel and *stare decisis* support a like finding here. Therefore, this Court should find as a matter of law that Plaintiffs are entitled to liquidated damages in an amount equal to their unpaid overtime compensation.

### III.   The Undisputed Facts Show That the County Willfully Violated the FLSA, Thereby Extending the Statute of Limitations to Three Years.

Under the FLSA, a plaintiff may generally seek recovery of overtime compensation that accrued within two years of the filing of the action. 29 U.S.C. § 255. However, if the plaintiff can establish that the violation was willful, that period is extended to three years. <u>Id.</u> To prove a willful violation, the Plaintiffs must demonstrate that the County knew that its conduct was prohibited by the FLSA or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. <u>McLaughlin v. Richland Shoe Co.</u>, 486 U.S. 128, 108 S.Ct. 1677, 1681 (1988).

In this case, the undisputed evidence demonstrates that, in or around October 2003, the County was advised by the DOL that its failure to compensate its employees for time spent driving County Vehicles between Secured Parking Locations and jobsites violated the FLSA. In response to this, the County initially indicated that it would rectify the situation, and prepared a summary (albeit an inaccurate one) of the amounts owed to each employee. Then, the County elected not to pay these amounts and, instead, to challenge the DOL's ruling by litigating the issue. As was discussed in the previous section, the County did so without any objectively reasonable basis for believing that it was acting in compliance with the FLSA. Under these circumstances, the only

8

conclusion that can be reached is that the County willfully violated the statute.  See <u>Dole</u> <u>v. Elliott Travel & Tours, Inc.</u>, 942 F.2d 962, 966-67 (6th Cir. 1991) (affirming summary judgment finding willful violation based upon employer's failure to pay overtime compensation after DOL advised employer that it had violated the FLSA).

The County's actions provide a consummate example of the very reason why an extension of the statute of limitations is the remedy for a willful violation of the FLSA. By promising, in late 2003, to reimburse Plaintiffs for the unpaid drive time, the County provided an incentive for them to refrain from filing lawsuits.  Plaintiffs, who were still employed by the County and wished to maintain positive working relationships, relied on this promise and did not file lawsuits at that time.  While the Plaintiffs waited for the promised payment, the statute of limitations on their FLSA claims continued to run. Ultimately, Plaintiffs realized that the County did not intend to follow through on its promise.  At that time, Plaintiffs filed the instant action, thereby stopping the running of the limitations period.  Thus, the County not only willfully acted contrary to the DOL's advice, it also acted in a manner calculated to delay the filing of FLSA claims.  Certainly the County should not benefit from its actions.  Rather, the Plaintiffs should be permitted to invoke and apply the maximum, three-year limitations period under the FLSA.

Therefore, Plaintiffs are entitled to judgment as a matter of law on the issue of willfulness.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court enter an Order granting partial summary judgment in Plaintiffs' favor and finding, as a matter of law:

(1)     that Plaintiffs' drive time was compensable under the FLSA,

(2)     that the County acted without good faith and therefore must pay liquidated

damages in an amount equal to Plaintiffs' unpaid overtime compensation,

and

(3)     that the County acted willfully, thereby extending the statute of limitations

to three years prior to the date upon which this action was commenced.

Respectfully submitted,


 s/ Cynthia N. Sass
Cynthia N. Sass, Esq.
Florida Bar No. 0691320
Law Offices of Cynthia N. Sass, P.A.
112 South Armenia Avenue
Tampa, Florida 33609
sasspa@tampabay.rr.com
Telephone: (813) 251-5599
Facsimile: (813) 259-9797

and

David H. Spalter, Esq.
Florida Bar No. 0966347
Jill S. Schwartz & Associates, P.A.
180 Park Avenue North, Suite 200
Winter Park, FL 32789
dspalter@schwartzlawfirm.net
Telephone: (407) 647-8911
Facsimile: (407) 628-4994


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 1, 2006, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which will send a

notice of electronic filing to the following: Stephen M. Todd,

todds@hillsboroughcounty.org.

  s/ Cynthia N. Sass
Cynthia N. Sass, Esq.
Florida Bar No. 0691320
Law Offices of Cynthia N. Sass, P.A.
112 South Armenia Avenue
Tampa, Florida 33609
Telephone: (813) 251-5599
Facsimile: (813) 259-9797