UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN A. McGUIRE, ET AL.,

      Plaintiffs,

v.                                                                         Case No. 8:05-cv-347-T-24 MSS

HILLSBOROUGH COUNTY, FLORIDA,

      Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiffs' Motion for Partial Summary Judgment. (Doc. No. 26). Defendant opposes the motion. (Doc. No. 30).

### I. Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case. Id. at 325. Rule 56 permits the moving party to discharge its burden with or without supporting affidavits and to move for summary judgment on the case as a whole or on any claim. See id. When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue

for trial.  Id. at 324.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor.  See Samples on behalf of Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988).  Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion. See Augusta Iron & Steel Works v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988).  A dispute about a material fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the non-moving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**II.  Background**

Plaintiffs are current or former employees of Defendant, Hillsborough County, who hold or held the position of Fire Inspector.  In this action, they are seeking recovery for unpaid overtime compensation, pursuant to the Fair Labor Standards Act ("FLSA").  The time at issue in this case is the time that they spent driving County-owned vehicles between County-owned parking facilities (fire stations) and their worksites.

During the relevant period, Plaintiffs were each assigned a County-owned vehicle to perform their jobs. (Plaintiffs' affidavits: Doc. No. 26).  Plaintiffs were not permitted to drive the County-owned vehicles home at night. (Plaintiffs' affidavits: Doc. No. 26).  Instead, they were required to park the County-owned vehicles at a fire station. (Plaintiffs' affidavits: Doc.

No. 26). Consequently, Plaintiffs would begin their workday by retrieving their County-owned vehicles from the fire station before proceeding to their first worksite, and they would return the County-owned vehicles to the fire station at the end of the day.

Prior to October of 2003, Defendant did not compensate Plaintiffs for the time it took them to drive the County-owned vehicles between the fire stations and their first and last worksites. (Plaintiffs' affidavits: Doc. No. 26). In October of 2003, Defendant changed its policy and compensated Plaintiffs for the time it took them to drive the County-owned vehicles between the fire stations and their first and last worksites. (Plaintiffs' affidavits: Doc. No. 26). However, the County changed its policy again in August of 2004 and reverted to its prior practice of not compensating Plaintiffs for the time it took them to drive the County-owned vehicles between the fire stations and their first and last worksites. (Plaintiffs' affidavits: Doc. No. 26). Thereafter, on February 23, 2005, Plaintiffs filed suit for unpaid overtime compensation due to Defendant's policy of not compensating Plaintiffs for the time it took them to drive the County-owned vehicles between the fire stations and their first and last worksites.

Two other groups of County employees also sued Defendant for unpaid overtime compensation due to Defendant's policy of not compensating them for the time it took them to drive their County-owned vehicles between the County's designated parking lots and their first and last worksites. The first group of plaintiffs, engineers, sued Defendant, and this Court found that the drive time between the County's designated parking lots and their first and last worksites was compensable. See Burton v. Hillsborough County, Fla., 8:04-cv-112-T-MSS. The Eleventh Circuit affirmed this Court's decision. See Burton v. Hillsborough County, Fla., 181 Fed. Appx. 829 (11th Cir. 2006).

Additionally, a second group of plaintiffs, engineering technicians, sued Defendant. Silas v. Hillsborough County, Fla., 8:04-cv-1616-T-27-TBM. The remaining plaintiffs in the Silas case settled after the Court ruled on the motions for summary judgment.

### III.  Motion for Summary Judgment

Plaintiffs now move for partial summary judgment in this case, relying in part on the decisions in the Burton and Silas cases. Specifically, Plaintiffs argue that they are entitled to summary judgment on the following issues: (1) that their uncompensated drive time between the fire stations and their first and last worksites is compensable under the FLSA; (2) that they are entitled to an award of liquidated damages; and (3) that Defendant willfully violated the FLSA, thereby extending the statute of limitations to three years.[1]  Accordingly, the Court will address each argument.

#### A.  Uncompensated Drive Time

Plaintiffs request, based on Burton, that this Court find as a matter of law that their drive time between the fire stations and their first and last worksites is compensable under the FLSA. Based on the Eleventh Circuit's decision in Burton, Defendant does not oppose the Court granting summary judgment on this issue.  As such, the Court grants Plaintiffs' motion for summary judgment to the extent that the Court finds that their drive time between the fire stations and their first and last worksites is compensable under the FLSA.

#### B.  Liquidated Damages

Next, Plaintiffs argue that they are entitled to an award of liquidated damages. Under the FLSA, an employer who violates the overtime provisions is liable to the employee in the amount

---

[1]Plaintiffs are not moving for summary judgment as to the amount of their damages.

of their unpaid overtime compensation and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

However, there is a good faith defense to the award of liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the" FLSA. 29 U.S.C. § 260. Furthermore, the Eleventh Circuit has stated:

> The determination of whether an employer acted in good faith and had reasonable grounds for believing its act or omission was not a violation of the FLSA has both a subjective and objective component. Subjective good faith means the employer has an honest intention to ascertain what the FLSA requires and to act in accordance with it. Objective good faith means the employer had reasonable grounds for believing its conduct comported with the FLSA. [G]ood faith requires some duty to investigate potential liability under FLSA.

Friedman v. South Florida Psychiatric Associates, Inc., 139 Fed. Appx. 183, 185-86 (11th Cir. 2005)(quotation marks and citations omitted).

"[L]iquidated damages are mandatory absent a showing of good faith." Spires v. Ben Hill County, 980 F.2d 683, 689 (11th Cir. 1993)(citations omitted). "The question of whether the good faith defense applies is an issue of mixed law and fact for the Court, not the factfinder, to determine." Silas v. Hillsborough County, 2006 WL 3133026, at *6 (M.D. Fla. Oct. 30, 2006)(citations omitted); see also Notes to Pattern Jury Instruction 1.7.1, Eleventh Circuit Pattern Jury Instructions (Civil), 2005 edition.

### 1.  Law Regarding the Compensability of Travel Time

Before the Court analyzes whether Defendant's conduct was in good faith and whether there were reasonable grounds for its belief that it was not violating the FLSA, the Court will first outline the law regarding the compensability of travel time that was in existence prior to the Burton decision: The Portal-to-Portal Act, 29 U.S.C. § 251 *et seq.,* which amends the FLSA,

5

identifies those employee activities which are not compensable under the FLSA.  See Burton, 181 Fed. Appx. at 833.  Pursuant to the Portal-to-Portal Act, an employer is not subject to liability under the FLSA for failure to pay employees overtime compensation for:

>  (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and
>  (2) activities which are preliminary to or postliminary to said principal activity or activities,
> which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities. For purposes of this subsection, the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities if [1] the use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and [2] the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee or representative of such employee.

29 U.S.C. § 254(a).  Furthermore:

> Preliminary and postliminary activities, however, are compensable if they are an integral and indispensable part of the [employee's] principal activities.  By contrast, an employer is not required to pay employees for otherwise compensable activities if the time spent performing those activities is *de minimis.*

See Burton, 181 Fed. Appx. at 833 (internal quotation marks and citations omitted).

Additionally, the regulations illustrate the distinction between compensable and non-compensable travel:

> Time spent by an employee in travel as part of his principal activity, such as travel from job site to job site during the workday, must be counted as hours worked. ***Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice.  If an employee normally finishes his work on the premises at 5 p.m. and is sent to another job which he finishes at 8 p.m. and is required to return to his employer's premises arriving at 9 p.m., all of the time is working time.***

6

> However, if the employee goes home instead of returning to his employer's premises, the travel after 8 p.m. is home-to-work travel and is not hours worked.

29 C.F.R. § 785.38 (emphasis added).

### 2. Arguments Regarding Liquidated Damages

Defendant makes three arguments in support of its good faith defense. Accordingly, the Court will address each argument.

#### a. Communication with the Department of Labor

In support of its good faith defense, Defendant points out that it requested a formal opinion from the Department of Labor ("DOL") regarding the compensability of travel time. Specifically, on January 29, 2004, Defendant wrote a letter to the DOL setting forth its proposed criteria for determining overtime compensation for travel time and requesting that the DOL inform Defendant if the DOL believed that Defendant should modify the criteria. (Doc. No. 30, Ex. 1). In the letter, Defendant stated that the letter was being sent pursuant to a telephone conversation between Defendant and the DOL that occurred a week earlier regarding the overtime parking issue and that the letter set forth the criteria Defendant "intend[ed] to apply to resolve all outstanding questions about its parking and overtime issues *raised by you* . . . in the fall of 2003." (Doc. No. 30, Ex. 1)(emphasis added).

Plaintiffs, however, argue that based on Silas, they are entitled to liquidated damages in this case. In Silas, this Court dealt with the same County policy regarding the compensability of travel time. In finding that the plaintiffs were entitled to liquidated damages, the Court rejected Defendant's good faith argument based on the January 29, 2004 letter to the DOL. See Silas, 2006 WL 3133026, at * 6. Specifically, the Court stated that based on the fact that the letter was

dated within the last six months of the violations alleged in the plaintiffs' complaint[2] and on the fact that the letter stated that the overtime issues were raised by the DOL and not Defendant, the Court could not conclude that Defendant had an honest intention to ascertain what the FLSA required.  See id.  This Court agrees with its decision in Silas that the letter does not show that Defendant had an honest intention to ascertain what the FLSA required.  Defendant's policy regarding compensation for travel time was in existence for years[3] prior to its communications with the DOL (the letter was dated within approximately the last year of the violations alleged in Plaintiffs' complaint in the instant case[4]), and Defendant did not seek the DOL's input until *after the DOL raised the overtime issue*.  As such, the Court finds that Defendant has not established its good faith defense.

### b.  Existing Law

Defendant also argues that its reliance on existing law shows its good faith.  Specifically, Defendant points out that it relied on Baker v. GTE North, Inc., 110 F.3d 28 (7th Cir. 1997), Aiken v. City of Memphis, TN, 985 F. Supp. 740 (W.D. Tenn 1997), aff'd at 190 F.3d 753 (6th Cir. 1999), and the Employee Commuting Flexibility Act of 1996 ("ECFA").  For the reasons stated below, the Court rejects this argument.

Defendant contends that its reliance on Baker and Aiken, due to the lack of Eleventh Circuit case law on the issue at the time, shows its good faith.  The Court, however, finds these cases to be distinguishable.  The plaintiffs in Aiken were given police vehicles that they could

---

[2]The complaint in Silas was filed on July 15, 2004.

[3]Plaintiffs' affidavits show that the policy was in place since at least February of 2002. (Doc. No. 26).

[4]The complaint in this case was filed on February 23, 2005.

park at their homes, and the court found that the home-to-work and work-to-home commutes were not compensable. See Aiken, 985 F. Supp. at 744. Likewise, the court in Baker found that the plaintiffs' home-to-work and work-to-home commutes were not compensable. See Baker, 110 F.3d at 31.

One of the plaintiffs in Baker chose to drop off and pick up his company vehicle at one of the defendant's offices that was two miles from his home. See id. at 30. As such, that plaintiff argued that his travel time between the defendant's office where he picked up his company vehicle and his first worksite and his travel time between his last worksite and the defendant's office where he dropped off his company vehicle was compensable. See id. The court rejected his argument because he was entitled to drive the company vehicle all of the way home and he simply chose not to for reasons of personal convenience. See id. at 31. The court's decision in Baker regarding the plaintiff that chose to drop off his company vehicle at the defendant's office does not support Defendant's overtime policy in the instant case, because Plaintiffs in the instant case are *required* to park their County-owned vehicles at the fire station.

Likewise, Defendant's reliance on the ECFA is misplaced. The ECFA added the final sentence to 29 U.S.C. § 254(a) and provides:

> For purposes of this subsection, the use of an employer's vehicle for travel by an employee and activities performed by an employee which are incidental to the use of such vehicle for commuting shall not be considered part of the employee's principal activities if [1] the use of such vehicle for travel is within the normal commuting area for the employer's business or establishment and [2] the use of the employer's vehicle is subject to an agreement on the part of the employer and the employee or representative of such employee.

Defendant interprets the ECFA to provide that an employee's commute in their employer's vehicle is not compensable. However, the provision in the ECFA regarding use of an

9

employer-owned vehicle cannot be read to "eliminate th[e] distinction between incidental or non-compensable travel and required or compensable travel." Burton, 181 Fed. Appx. at 835. Instead, "under the ECFA 'otherwise non-compensable [traveling] is not compensable merely because the employee uses his employer's vehicle.' Likewise, otherwise compensable travel time does not become non-compensable simply through the use of an employer-owned vehicle." Id. (internal citation omitted). As such, the Court finds that Defendant's flawed interpretation of the ECFA does not show Defendant's good faith.

Instead of relying on Aiken, Baker, and its interpretation of the ECFA, Defendant should have considered the First Circuit's decision in Secretary of Labor v. E.R. Field, Inc., 495 F.2d 749 (1st Cir. 1974). See Silas, 2006 WL 3133026 at * 7 (pointing out Defendant's failure to recognize this case). In E.R. Field, Inc., the court held that the employer was required to compensate the employee for the time he spent driving his employer's truck from the last worksite of the day to the employer's shop before driving his own personal car home. See E.R. Field, Inc., 495 F.2d at 751.

Furthermore, Defendant should have considered 29 C.F.R. § 785.38, and specifically the example therein that address the issue in this case. As stated above, § 785.38 provides:

> Where an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice. If an employee normally finishes his work on the premises at 5 p.m. and is sent to another job which he finishes at 8 p.m. and is required to return to his employer's premises arriving at 9 p.m., all of the time is working time.

This provision shows that travel from an employer-designated location to the workplace is compensable under the FLSA.

10

### c.  Cross v. Arkansas Forestry Commission

Finally, Defendant argues that based on Cross v. Arkansas Forestry Commission, 938 F.2d 912 (8th Cir. 1991), this Court should not award liquidated damages.  The Court rejects this argument because Cross, a non-binding case, is distinguishable.  In Cross, the court found that the defendant established the good faith defense, because the defendant relied on personnel experts and the FLSA had only recently been made applicable to the defendant.  See id. at 917-18.  In the instant case, however, Defendant did not rely on an opinion from the DOL; instead, Defendant relied on distinguishable cases (Aiken and Baker) and its own flawed interpretation of the ECFA.

### d.  Conclusion Regarding Liquidated Damages

Based on the above, the Court finds that Defendant has not shown that it acted in good faith and that it had reasonable grounds for believing that it was not violating the FLSA.  As such, the Court finds that Plaintiffs are entitled to liquidated damages and grants Plaintiffs' motion for partial summary judgment on this issue to the extent that Plaintiffs prove damages at trial.

### C.  Willfulness

Next, Plaintiffs argue that the Court should find that Defendant willfully violated the FLSA, thereby extending the statute of limitations to three years.[5]  To prove a willful violation, Plaintiffs must show that Defendant knew or showed a reckless disregard for the matter of whether its conduct was prohibited by the FLSA.  See McLaughlin v. Richland Shoe Co., 486

---

[5]Under the FLSA, a plaintiff may generally seek recovery for overtime compensation that accrued within two years of filing the action.  29 U.S.C. § 255(a).  However, if the plaintiff can establish that the violation was willful, the period is extended to three years.  29 U.S.C. § 255(a).

11

U.S. 128, 133, 135 (1988).

Defendant responds that summary judgment on this issue is not appropriate, because the notes to the Eleventh Circuit Pattern Jury Instructions state that whether a defendant committed a willful violation is a jury question. See Notes to Pattern Jury Instruction 1.7.1, Eleventh Circuit Pattern Jury Instructions (Civil), 2005 edition. The Court agrees with Defendant and denies Plaintiffs' motion on this issue.

**IV. Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 26) is **GRANTED IN PART AND DENIED IN PART:** The motion is **GRANTED** to the extent that the Court finds that (1) Plaintiffs' drive time between the fire stations and their first and last worksites is compensable under the FLSA; and (2) Plaintiffs are entitled to liquidated damages to the extent that Plaintiffs prove damages at trial; otherwise, the motion is **DENIED**.

(2) The parties are reminded that this case is set for a pretrial conference on March 13, 2007 and that they are directed to file their joint pretrial statement by March 8, 2007.

**DONE AND ORDERED** at Tampa, Florida, this 17th day of January, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record